**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4852**

_____

UNITED STATES OF AMERICA,

                          Plaintiff - Appellee,

        versus

THANH HUU NGUYEN,

                          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CR-02-271)

_____

Submitted:  September 27, 2005        Decided:  September 29, 2005

_____

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Anthony D. Martin, ANTHONY D. MARTIN, P.C., Greenbelt, Maryland,
for Appellant.  Thomas M. DiBiagio, United States Attorney, Andrew
G. W. Norman, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Thanh Huu Nguyen appeals the district court's judgment sentencing him to 109 months in prison following his guilty plea, pursuant to a plea agreement,[*] to one count of conspiracy to distribute and possess with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 846 (2000).  In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Nguyen asserts there are no non-frivolous issues for appeal.  Although concluding that such allegations lack merit, counsel asserts that Nguyen received ineffective assistance of counsel.  Nguyen also filed a pro se supplemental brief asserting that his sentence violated Blakely v. Washington, 542 U.S. 296 (2004).  Because our review of the record discloses no reversible error, we affirm Nguyen's conviction and sentence.

A claim of ineffective assistance of counsel is ordinarily not cognizable on direct review unless counsel's ineffectiveness is conclusively established on the record.  United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998).  We find the evidence does not support such a finding.  We further find that

---

[*]Nguyen's plea agreement contained an appellate waiver in which he,

> waive[d] all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range established at sentencing.

Nguyen was advised of the nature of the charge against him, the potential punishment, and the rights he was waiving by entering a plea of guilty, and he knowingly and intelligently waived those rights and pled guilty. Thus, Nguyen's appellate waiver forecloses any argument that his sentence, issued under the mandatory guidelines system, was unconstitutional. See United States v. Blick, 408 F.3d 162 (4th Cir. 2005)

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Nguyen's conviction and sentence. We deny both Nguyen's motion to have counsel relieved and counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -